## A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C., § 1983

### UNITED STATES DISTRICT COURT
### ___MIDDLE___ DISTRICT OF LOUISIANA

___EDWARD J. MORGAN #590862___ 

*Plaintiff's full name (first-middle-last)*
*and prison number*

**VERSUS**

___JAMES LEBLANC, SECRETARY___
___LOUISIANA DEPARTMENT OF CORRECTIONS, et al.___

*Defendant(s) full name*

CIVIL ACTION

NO. _____

SECTION: _____

### Instructions for Filing Complaint by Prisoners
### Under the Civil Rights Act, 42 U.S.C., § 1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

**IF YOU ARE A PARISH PRISONER**, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

**IF YOU ARE A D.O.C. PRISONER**, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for **each** defendant no longer employed by the Department of Corrections.

### All copies of the complaint must be identical to the original.

The names of all parties must be listed in the caption and in part III of the complaint **exactly the same**.

In order for this complaint to be filed, it must be accompanied by the filing fee of $400.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

1

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

**You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.**

When you have completed this form, e-mail the original and copies to the Clerk of the United States District Court for the ___MIDDLE DISTRICT___ of Louisiana.

**I.  Previous Lawsuits**

    A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?   Yes (   )   No ( x )

    B.   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.   Parties to this previous lawsuit

Plaintiff(s): _____

Defendant(s): _____

    2.   Court (if federal court, name the district; if state court, name the parish):

_____

    3.   Docket number:

    4.   Name of judge to whom case was assigned:

    5.   Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):

_____

    6.   Date of filing lawsuit:

    7.   Date of disposition:

    C.   Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?   Yes (   )   No ( x )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

_____

**II.  Place of present confinement:** ___Louisiana State Penitentiary (LSP)___

    A.   Is there a prisoner grievance procedure in this institution?   Yes ( x )   No (   )

    B.   Did you present the facts relating to your complaint in the state prisoner grievance procedure?   Yes ( x )   No (   )

3

C.   If your answer is YES:

1.   Identify the administrative grievance procedure number(s) in which the claim raised in this complaint were addressed.   Case Number SP-2022-1733

2.   What steps did you take?   complaint was exhausted through the second step to final disposition rendered by the Department of Corrections (DOC)

3.   What was the result?   complaint was said to be w/o merit and relief was denied

D.   If your answer is NO, explain why not: _____

## III.   Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A.   Name of plaintiff(s):   EDWARD J. MORGAN #590862

(In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.)

B.   Defendant,   JAMES M. LeBLANC   is employed as   SECRETARY   at   DOC

Address for Service:   504 Mayflower St., Bldg. 1, Baton Rouge, LA 70804

C.   Defendant,   RAMAN SINGH   is employed as an UNKNOWN OCCUPATION   at   DOC

Address for Service:   504 Mayflower St., Bldg. 1, Baton Rouge, LA 70804

D.   Defendant,   STACYE FALGOUT   is employed as an UNKNOWN OCCUPATION   at   DOC

Address for Service:   504 Mayflower St., Bldg. 1, Baton Rouge, LA 70804

E.   Defendant,   DARREL VANNOY   is employed as an UNKNOWN OCCUPATION   at   DOC

Address for Service:   504 Mayflower St., Bldg. 1, Baton Rouge, LA 70804

4

F. Defendant, _____ TRACY FALGOUT _____ is employed as __ an UNKNOWN OCCUPATION __ at ____ DOC ____

Address for Service: __ 504 Mayflower St., Bldg. 1, Baton Rouge, LA 70804 __

G. Defendant, _____ RANDY LAVESPERE _____ is employed as __ an UNKNOWN OCCUPATION __ at ____ DOC ____

Address for Service: __ 504 Mayflower St., Bldg. 1, Baton Rouge, LA 70804 __

H. Defendant, _____ SHERWOOD PORET _____ is employed as __ an UNKNOWN OCCUPATION __ at ____ DOC ____

Address for Service: __ 504 Mayflower St., Bldg. 1, Baton Rouge, LA 70804 __

I. Defendant, _____ TIMOTHY HOOPER _____ is employed as __ WARDEN __ at ____ LSP ____

Address for Service: __ 17544 Tunica Trace, Angola, LA 70712 __

J. Defendant, _____ WILLIAM ROSSO _____ is employed as __ ASS. WARDEN/SUPERVISOR OF HEALTH CARE SERVICES __ at __ LSP __

Address for Service: __ 17544 Tunica Trace, Angola, LA 70712 __

K. Defendant, _____ JACOB JOHNSON _____ is employed as __ MEDICAL DIRECTOR __ at ____ LSP ____

Address for Service: __ 17544 Tunica Trace, Angola, LA 70712 __

## IV. Statement of Claim

State here as briefly as possible the **facts** of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph (Use as much space as you need. Attach extra sheets if necessary.).

CLAIM: Plaintiff, Edward J. Morgan, who is a prisoner and is currently being confined at LSP, has been subjected to cruel and unusual punishment, in violation of the 8th Amendment to the U.S. Constitution (recognizing that such a violation has already been declared by a U.S. District Court, in the case of *Lewis v. Cain, (Case No. 3:15-CV-318), 2021 WL 1219988, M.D. Louisiana)*, whereas he has been denied adequate medical treatment because LSP and/or DOC lack the infrastructure necessary to provide a constitutionally adequate health care system for prisoners confined at LSP with serious medical needs. This includes (but is not limited to) a lack of organizational structure, credentialing and peer review process, *effective health care policies and procedures,*

clinic space, and quality control program. Such inadequacies have resulted in the Plaintiff having experienced: (1) unnecessary and harmful delays in his assessment for and receiving of specialty care related to his (colo/rectal) cancer diagnosis; (2) harmful failure to follow specialty care recommendations; and (3) a failure to coordinate his care in a timely fashion. These failures are the cause of the Plaintiff having suffered irreparable injury and disabilities, due to a dispensable/preventable deterioration of his cancer disease.

**SUPPORTING FACTS:**

1. DOC is a division of the State of Louisiana charged with overseeing the custody and care of inmates in State prison, including LSP.

2. LSP is a maximum security prison in Angola, Louisiana which houses inmates awarded to the custody of DOC.

3. Defendant Darrel Vannoy was Warden of LSP when the Plaintiff experienced the constitutionally inadequate medical care claimed herein. The Warden's duties include, among other things, assigning employees of DOC to manage the medical care of the inmates housed at LSP. He is furthermore responsible for ensuring that all DOC employees he has appointed to managerial positions at LSP abide by and implement DOC policies regarding the medical care provided to inmates housed at LSP. Defendant Timothy Hooper is now Warden of LSP.

4. Defendant Tracy Falgout was an Ass. Warden at LSP and, when the Plaintiff experienced the constitutionally inadequate medical care claimed herein, was also designated as the supervisor over all Health Care Services provided in the prison. The Ass. Warden/supervisor of Health Care Services at LSP has operational control over the medical unit at the prison; this includes, among other responsibilities, budgeting, hiring of certain classes of employees, medical records, and any kind of medical staffing issues. William Rosso is now Ass. Warden/supervisor of Health Care Services provided at the prison.

5. Defendant Randy Lavespere was the Medical Director at LSP when the Plaintiff experienced the constitutionally inadequate medical care claimed herein. LSP's Medical Director is responsible for managing LSP's doctors, nurses and inmate patients. He is furthermore responsible for ensuring that the overall medical care provided to the inmates at LSP is sufficient to meet the minimum medical standards and that the medical staff providing medical care at LSP are performing their duties adequately enough to meet those standards. Dr. Jacob Johnson is now Medical Director at LSP.

6. Defendant Sherwood Poret was the Director of Nursing at LSP when the Plaintiff experienced the constitutionally inadequate medical care claimed herein. The Director of Nursing supervises all nurses, including Emergency Medical Technicians(EMTs), working at LSP.

7. Defendant Raman Singh was the Chief Medical Director and Mental Health Director for the DOC when the Plaintiff experienced the constitutionally inadequate medical care claimed herein. The Chief Medical Director of DOC is responsible for managing several departments, including those which oversee nursing, dental, medical and mental health services provided by all DOC facilities in the State of Louisiana. The Plaintiff assumes Dr. Randy Lavespere is now Chief Medical Director and Mental Health Director for DOC.

8. Defendant Stacye Falgout was the Chief Nursing Officer for DOC when the Plaintiff experienced the constitutionally inadequate medical care claimed herein. The Chief Nursing Officer for DOC reports to the Chief Medical Director for DOC (which was Dr. Raman Singh) and is the number two medical employee at DOC.

9. Defendant James M. LeBlanc is the Secretary of the DOC. In that capacity, he supervises Dr. Raman Singh and Timothy Hooper, as well as the rest of the employees of the DOC. Although he has authority over the entire DOC, in a supervisory capacity, James LeBlanc has delegated authority for certain tasks and responsibilities to subordinate employees.

The Secretary of DOC and its Chief Medical Director are responsible for creating and/or ratifying, implementing, and enforcing the policies and procedures used by the EMTs providing medical services at LSP as well as every other DOC facility in the State. At the time when the Plaintiff experienced the constitutionally inadequate medical treatment claimed herein, Defendants, James LeBlanc (the Secretary of DOC) and Dr. Raman Singh, by way of DOC policy and enforcement of that policy, had given EMTs providing medical services at LSP the authority to determine, after examining those inmates under their care, whether further treatment is needed for whatever illnesses an inmate may complain about using DOC's "sick-call" process. At the time when the Plaintiff experienced the constitutionally inadequate medical treatment claimed herein, Defendants, Darrel Vannoy (who was Warden of LSP), Tracy Falgout (who was Ass. Warden and supervisor for Health Services at LSP), Randy Lavespere (who was Medical Director at LSP) and Sherwood Poret (who was Director of Nursing at LSP) were all responsible for supervising the medical services provided by EMTs at LSP; they were furthermore responsible for making the final decision about whether EMTs were correct

7

in all of their diagnoses, triage and recommended treatment for those inmates who had complained about illness using LSP's "sick-call" process.

Sometime around December of the year 2017, Plaintiff begin complaining, using DOC's sick-call process, about seeing blood in his stool and pain during bowel movements. At that time, Plaintiff was diagnosed by those EMTs who examined and triaged him, as having hemorrhoidal problems. Plaintiff complained, about blood in his stool and pain during bowel movements, from December of the year 2017 until he was screened for cancer sometime around November of the year 2020 (a time span of an entire three(3) years). Plaintiff was not screened for cancer until after he had submitted several requests for medical services and a complaint/grievance alleging that he was being denied proper medical care. Of significance, EMTs were allowed to continue misdiagnosing the Plaintiff for three(3) years, and, during the course of those three(3) years, not once was Plaintiff referred to a specialty doctor.

Plaintiff was not referred for a colonoscopy until after he had submitted a grievance complaining about being denied proper medical treatment; and, as a result of that grievance, those misdiagnoses conducted by the EMTs that examined the Plaintiff had finally been reviewed and corrected. This is because Defendant James LeBlanc has not created and/or ratified and implemented a policy and procedures designed to promote or enforce a system of meaningful "*peer review*" in the medical department at LSP and all other DOC facilities (peer review is groups of peers who evaluate the care of another peer or colleague based on the clinical process that a certain individual provided). Notwithstanding the absence of any peer review system, Defendants, Darrel Vannoy, Tracy Falgout, Randy Lavespere and Sherwood Poret were all responsible for failing to supervise and correct those EMTs who failed to properly examine, diagnose and triage the Plaintiff when Plaintiff initially complained about blood in his stool and pain during bowel movements. The EMTs' failure to properly diagnose the Plaintiff, where those EMTs had no oversight or training in recognizing serious illnesses or diseases, is why Plaintiff was not timely screen for cancer and the cancerous tumor later found in his lower colon was able progress in its infection until it caused irreparable damage.

As aforesaid, Defendants, James LeBlanc and his Chief Medical Director (who was Dr. Raman Singh) are responsible for creating and/or ratifying, implementing, and enforcing the policy and procedures which provide for an EMT (not medical doctors) to examine, triage and determine the medical treatment necessary for those inmates who complain about sickness/illness using DOC's sick-call process; this policy, creating these procedures, has been found woefully insufficient for the purpose of providing constitutionally adequate medical treatment for prisoners who have serious illnesses, sickness and diseases. Of significance, DOC's sick-call process is the only way inmates are able to access medical treatment, and EMTs are the gatekeepers of this process. This process does not work and it has been adjudged as so. A vast amount of LSP's prisoners have developed cancers and other diseases or illnesses that EMTs have failed to timely

and accurately assess, which have ultimately resulted in the death of those prisoners; James LeBlanc, Raman Singh and Randy Lavespere are all aware of this fact but have shown a deliberate indifference to such developments. Defendants have been able to avoid accountability for their deliberate indifference towards inmates having unnecessarily died—as a result of inadequate medical care—because DOC has no policy of meaningful mortality review (A mortality review entails reviewing the death of a patient to determine if any of the problems arising in the course of the patient's care can be corrected in order to prevent future deaths). And, Because Defendants are deliberately indifferent towards the deaths caused by ineffective medical care policies and have no policy of meaningful mortality review (which would serve to keep a record of the causes of these deaths as well as measures taken to prevent future deaths) this policy of allowing EMTs, in the stead of a medical doctor, to examine, triage and determine the medical treatment necessary for the Plaintiff and other prisoners has been allowed to persist. This is the very reason why the Plaintiff was not timely screened for cancer and the cancerous tumor later found in his lower colon was able progress in its infection until it caused irreparable damage. Thus, due to the creation and/or ratification, implementation, and enforcement of ineffective medical care policies and procedures (i.e. allowing an EMT, in the stead of a medical doctor, to examine, triage and recommend treatment for the Plaintiff when he complained about seeing blood in his stool and pain during bowel movements), James LeBlanc, Dr. Raman Singh and Randy Lavespere are the catalyst of the Plaintiff's irreparable injuries and have shown a deliberate indifference to the consequences of their enforcement of this constitutionally inadequate policy.

Plaintiff was diagnosed with having colon cancer in December of the year 2020 and this cancer was categorized as being in Stage-2 of its progression (Stage-4 being terminal). Plaintiff did not begin receiving treatment for this cancer until approximately four(4) months after it had been discovered, when the cancer had reached Stage-3b of its progression... Plaintiff did not begin to receive treatment for this cancer until April of the year 2021. Within those four(4) months, Plaintiff missed several appointments with his specialty care physicians. Defendants, Timothy Hooper was Warden at LSP, William Rosso was the Ass. Warden and supervisor for Health Services at LSP, Dr. Jacob Johnson was the Medical Director at LSP and Sherwood Poret was the Director of Nursing when it took four(4) months for Plaintiff to begin his cancer treatment; these Defendants are responsible for supervising: (1) timeliness, adequacy and accuracy of EMTs who evaluate the need for specialty care; (2) the scheduling and tracking of appointments for specialty care; (3) timely compliance with testing and other diagnostic requirements for specialty care; and (4) the execution of appropriate follow-up directions from specialty care providers. Because Timothy Hooper, William Rosso, Dr. Jacob Johnson and Sherwood Poret utterly failed in supervising, among other duties, the above listed specialty care requirements, the Plaintiff's specialty care for the cancerous tumor found in his lower colon did not begin in a timely manner, allowing for unnecessary diseases deterioration.

Because LSP lacks the infrastructure necessary to provide a constitutionally adequate health care system for prisoners with serious medical needs, the Plaintiff was effectively blocked from being timely screened and treated for cancer, resulting in the cancerous tumor found in his lower colon/rectal area having reached a stage in its progression where it caused irreparable damage before it was removed—i.e. Stage-3b. **This irreparable damage was totally preventable.** Defendants, Darrel Vannoy, Tracy Falgout, Randy Lavespere, Sherwood Poret, Timothy Hooper, William Rosso and Jacob Johnson are all directly responsible for LSP's ill-organized, medical-care-infrastructure and its lack in providing constitutionally adequate medical care for those inmates housed at LSP. The claim that "this irreparable damage was totally preventable" is alleged and supported in accordance with the above. Furthermore, the policies and procedures created and/or ratified, implemented, and enforced by the Defendants are insufficient to provide constitutionally adequate medical care to those inmates in their care/custody. Defendants, James LeBlanc and his Medical Director (who was Dr. Raman Singh) are directly responsible for creating and/or ratifying, implementing, and enforcing the medical care policies and procedures practiced by medical care providers and supervisors working at LSP. Plaintiff has suffered injury as a result of DOC's policies which create procedures of how inmates are assessed and triaged for treatment of specialty illnesses and diseases (i.e. specialty medical care).

To date, LSP has a policy of routinely screening its prisoners for cancer no earlier than age 50. However, all medical agencies in the U.S. recommend that people with certain genetics or who have been exposed to certain chemicals begin getting screened for cancer much sooner than the age 50. These recommendations are clearly established. Defendant James LeBlanc has not created, ratified or implemented medical care policies which are geared towards mortality review, peer review or early detection and treatment of specialty illnesses and disease, specifically the different types of cancers. A vast amount of LSP's prisoners have developed cancers that ultimately resulted in death. Yet James LeBlanc has been deliberately indifferent to such developments and, thus, has neglected to create and implement policies that provide for: (1) cancer screening for inmates who may develop cancer (for various reasons) at an early age; (2) an oversight program that entails reviewing the death of inmate patients to determine if any of the problems arising in the course of the patient's care can be corrected in order to prevent future deaths; and (3) a medical care system where there are groups of peers who evaluate the care of another peer or colleague based on the clinical process that a certain individual provides.

It has been established in a court of law that Defendants, James LeBlanc, Raman Singh and Randy Lavespere have all had knowledge of the constitutionally inadequate practices and policies, as well as the need for above listed polices, set forth herein; they have furthermore, for decades, been put on notice regarding the serious risks of harm, as presented herein; and yet they have failed to take reasonable steps to address the same.

The Defendants', specifically James LeBlanc, Raman Singh and Randy Lavespere, neglect to address DOC's inadequate medical care system, and their deliberate indifference towards the death of inmates in their care—deaths resulting from the enforcement of those inadequate polices and procedures which create this inadequate medical care system—is due to the fact that these specific Defendants have not, in the past been, held accountable for such disregard for life.

## V.   Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits.

Plaintiff seeks the following relief from all the Defendants named herein, in their official capacity:

(1)  That DOC create a mortality review policy;

(2)  that DOC create a peer review policy;

(3)  that DOC create an early-cancer-screening policy;

(4)  that the State of Louisiana, now and in the future, cover all fees and costs for any and all maintenance resulting from Plaintiff's cancer treatment;

(5)  that the State of Louisiana, now and in the future, cover all fees and costs for any and all corrective procedures or surgeries the Plaintiff may require (elective or otherwise) in order to return him to the physical status that he was before he received cancer treatment; and

(6)  that the Plaintiff, now and in the future, be allowed to choose his own doctors and/or medical facilities when seeking out the above described "maintenance" or "corrective procedures or surgeries."

Plaintiff seeks the following relief from Defendants, James LeBlanc, Raman Singh and Randy Lavespere, in their individual capacity, due to their deliberate, reckless and/or callous indifference to Plaintiff's federally-protected right of not being subjected to cruel and unusual punishment:

(1) Compensatory relief in the amount of $500,000.00;

11

(2) punitive relief in the amount of $500,000.00; and

(3)  mental anguish relief in the amount of $500,000.00.


Respectfully Submitted By:

_Edward Morgan_

Edward J. Morgan #590862
Main Prison/Magnolia-1
Louisiana State Penitentiary
Angola, LA 70712

12

*Civil Action No.* _____

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

     This summons for (name of individual and title, if any) _____

was received by me on the _____ day of _____, 20___.

     [   ] I personally served the summons on the individual at (place) _____

on the _____ day of _____, 20___; or

     [   ] I left the summons at the individual's residence or usual place of abode with (name) _____, a person of suitable age and discretion who resides there, on the _____ day of _____, 20___, and mailed a copy to the individual's last known address; or

     [   ] I served the summons on (name of individual) _____, who is designated by law to accept service of process on behalf of (name of organization) _____ on the _____ day of _____, 20___; or

     [   ] I returned the summons unexecuted because _____

_____ ; or

     [   ] Other (specify): _____

_____

     My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

     I declare under penalty of perjury that this information is true.

Date: _____.

                 Server's signature: _____

                 Printed name and title: _____

                 Server's address: _____

                                     _____

Additional information regarding attempted service, etc. _____

_____

**VI.    Plaintiff's Declaration**

1)    I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2)    I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the Court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3)    I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this __3rd__ day of __February__, 20_23_.

Signature: _Edward Morgan_
Print Name: _Edward Morgan_
Address: _17544 Tunica Trace_
City/State/Zip: _Angola, LA 70712_

*AO 440 (Rev. 10/93) Summons in a Civil Action*

## United States District Court

_____ DISTRICT OF LOUISIANA

_____,            **SUMMONS IN A CIVIL CASE**

*Plaintiff's full name (first-middle-last) and
Prisoner number*

**VERSUS**                                                  Civil Action No.· _____

_____

_____

_____

*Defendant(s) full name*

TO: *(Defendant's name and address)*

1. _____
2. _____
3. _____

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) -- or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) -- you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Print Name:    _____
Address:       _____
City/State/Zip: _____

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer with the Clerk of Court.

**CLERK OF COURT**

DATE: _____        _____