# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**EDWARD J. MORGAN (#590862)**  CIVIL ACTION

**VERSUS**

**23-107-SDD-RLB**

**JAMES LEBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 23, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD J. MORGAN (#590862)　　　　　　　　　　　　CIVIL ACTION

VERSUS

　　　　　　　　　　　　　　　　　　　　　　　　　　23-107-SDD-RLB

JAMES LEBLANC, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against James LeBlanc, Raman Singh, Sherwood Poret, Stacye Falgout, Darrel Vannoy, Timothy Hooper, Tracy Falgout, Randy Lavespere, William Rosso, and Jacob Johnson complaining that his constitutional rights have been violated due to deliberate indifference to his serious medical needs. Plaintiff requests monetary and injunctive relief.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005

(5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In his Complaint, Plaintiff alleges that in December of 2017 he began complaining, via the prison's sick call process, of blood in his stool and pain during bowel movements. The plaintiff was seen by EMTs who misdiagnosed the plaintiff with hemorrhoids. The plaintiff was finally screened for cancer in November of 2020 and was diagnosed with stage 2 colon cancer in December of 2020. The plaintiff did not begin receiving treatment until April of 2021, by which time the cancer had progressed to stage 3b.

The plaintiff further alleges that he was denied adequate medical treatment because "LSP and/or DOC lack the infrastructure necessary to provide a constitutionally adequate health care system for patients with serious medical needs. This includes (but is not limited to) a lack of adequate organizational structure, credentialing and peer review processes, *effective health care policies and procedures*, clinic space, and a quality control program." Plaintiff cites, and the foregoing language is taken from, *Lewis v. Cain*, No. 15-318, 2021 WL 1219988 (M.D. La. March 31, 2021).

## Claim for Injunctive Relief

The plaintiff's claims herein are based upon the same nucleus of operative facts as the *Lewis* class action cited by the plaintiff. Plaintiff complains of the systematic deficiencies in the medical care provided at LSP, specifically the sick call process and the use of EMTs in that process. Plaintiff's claims mimic those brought in *Lewis*; therefore, the plaintiff's claim for injunctive relief herein is subsumed in the *Lewis* class action and is *res judicata. See Pappillion v. Louisiana Dep't of Pub. Safety & Corr.,* No. CV 19-117, 2021 WL 4484992, at *3 (M.D. La. Sept. 3, 2021), *report and recommendation adopted,* 2021 WL 4480991 (M.D. La. Sept. 29, 2021). However, plaintiff is not precluded from seeking damages. *Id.*

## Claims for Compensatory and Punitive Damages

Though plaintiff's claims for damages is not barred by *res judicata*, these claims prescribed prior to the filing of the Complaint herein. Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492.[1] Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of that defense. *See Savoy v. St. Landry*

---

[1] *See* La. Civ. Code Art. 3456

*Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However, when the face of the plaintiff's complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.*

In the instant case, the plaintiff was diagnosed with colon cancer in December of 2020, by which date Plaintiff was possessed of sufficient information to place him on notice of the existence of his cause of action regarding the alleged deliberate indifference to his serious medical needs. Accordingly, Plaintiff's claims accrued on that date, and he had one year within which to file a complaint in this Court. Ordinarily, therefore, any claim that Plaintiff may have had against Defendants would have prescribed no later than December of 2021, the one-year anniversary of the incident. Further, inasmuch as Plaintiff did not file his federal Complaint until February 3, 2023, the date that he apparently signed it, it appears from the face of the Complaint that his claim is time-barred. Accordingly, the burden of proof shifts to Plaintiff to show that the limitations period in this case was interrupted or tolled during the one-year period.

In computing the applicable limitations period, this Court is obligated to take into account the time during which the administrative proceedings were pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158-59 (5th Cir. 1999) (finding that the pendency of a properly-filed administrative grievance will act to toll or suspend the running of the one-year limitations period for a prisoner's claim).

The filing of an administrative grievance, however, only tolls or suspends, and does not interrupt, the running of the prescriptive period. *See* La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] ... grievance and shall continue to be suspended until the final agency decision is

delivered"). Thus, this Court is required to count against Plaintiff the passage of days that elapsed both before the filing of the pertinent administrative grievance and after the conclusion of the administrative proceedings. *See Adams v. Stalder*, 934 So.2d 722, 725-26 (La. App. 1st Cir. 2006) (explaining that with a suspension of the limitations period, in contrast to an interruption, "the period of suspension is not counted toward the accrual of prescription but the time that has previously run is counted.... In other words, ... the clock merely stops running during the suspension, and thereafter the obligee has only so much of the one year as was remaining when the suspension began").

In the instant matter, the plaintiff did not file an administrative grievance until sometime in 2022 ("LSP-2022-1733"), by which time his claims had already prescribed. As such, the filing of the administrative grievance could not suspend the running of the prescriptive period that had already expired. Even assuming the plaintiff's claims did not accrue until April of 2021 when the plaintiff began receiving treatment and was informed that his cancer has progressed, the result would be the same. There is no administrative grievance process that would suspend the limitations period for approximately 644 days – the time between the last day of April 2021 and the filing of the plaintiff's Complaint on February 3, 2023. Accordingly, it appears the Complaint was not filed within the one-year limitations period and the plaintiff's claims prescribed prior to filing suit.

**RECOMMENDATION**

It is recommended that the plaintiff's Motion to Appoint Counsel (R. Doc. 3) be denied as moot. It is further recommended this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on May 23, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."