UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD J. MORGAN (#590862)                    CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                          23-107-SDD-RLB

ORDER

Before the Court is the plaintiff's Motion to Amend Judgment or Make Additional Factual Findings (R. Doc. 12). The plaintiff asserts that, contrary to the Court's conclusion that prescription began to run on the date the plaintiff was diagnosed with colon cancer, prescription did not begin to run on his claim until surgery was required. Plaintiff brings his Motion pursuant to Federal Rule of Civil Procedure 52(b) and/or 59(e).

The primary purpose of a Rule 52(b) motion is to ensure an accurate statement of the Court's finding of facts, typically for appeal purposes. "In doing so the movant raises questions of substance by seeking reconsideration of material findings of fact or conclusions of law." *Shivers v. Grubbs*, 747 F. Supp. 434, 436 (S.D. Ohio 1990) (*citing Leishman v. Associated Wholesale Elec. Co.*, 318 U.S. 203, 205 (1943); *United States v. Crescent Amusement Co.*, 323 U.S. 173 (1944) ).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.' " *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004)(quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence" *Advocare Intern. LP v. Horizon Laboratories, Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003))(quoting *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)), and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have

been offered or raised before the entry of judgment." *Templet*, 367 F.3d 473, 478-9(5th Cir. 2004) " 'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.' " *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)(quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The Fifth Circuit has explained that reconsideration of a judgment after it has been entered under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)). As this Court has explained, "[w]hile the district courts do have 'considerable discretion in deciding whether to grant or deny a motion to alter judgment,' denial of Rule 59(e) motions to alter or amend is favored." *Brown v. Louisiana State Senate*, 2013 WL 5603232, at *1 (M.D. La. Oct. 11, 2013) (quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)).

    The plaintiff does not contest that he was diagnosed with colon cancer in December of 2020, or that the applicable prescriptive period is one year. Rather the plaintiff asserts that his claim did not accrue until the day his inner sphincter, anal tube and outer sphincter were excised because he did not sustain any real/actual injuries until this date. Plaintiff merely rehashes arguments that he already offered in his Objection to the Magistrate Judge's Report and Recommendation. For this reason, and as explained more fully below, the plaintiff's Motion will be denied.

    Regardless of the later treatment required for the plaintiff's colon cancer, his claim accrued when he was diagnosed with colon cancer. *See Johnson v. Beard,* 2022 WL 17252451 (E.D. Ca. Nov. 18, 2022) (To the extent plaintiff claimed defendant's deliberate indifference resulted in plaintiff developing cancer and obtaining a late diagnosis, plaintiff's claim accrued on July 16, 2013, when plaintiff was diagnosed with prostate cancer.); *Devbrow v. Kalu*, 705 F.3d

765, 770 (7th Cir. 2013) (inmate's claim for deliberate indifference against officials who failed to timely diagnose his cancer accrued when he learned of his cancer diagnosis.); *Moore v. Sherman Police Dept.,* 1995 WL 581433 (5th Cir. Aug. 22, 1995),(when a claim is based on failure to make a proper diagnosis, the plaintiff sustains his injury at the point he is told his initial diagnosis was incorrect.); and *Waters v. Geo Grp., Inc.*, No. 15-282, 2016 WL 4373717, at *5 (E.D. Va. Aug. 10, 2016) (though plaintiff was aware of a large growth on his neck, plaintiff's cause of action accrued no earlier than when he was officially diagnosed with lymphoma.) Accrual occurs at the time of diagnosis even though the full extent of the injury (cancer) is not then known or predictable. *Wallace v. Kato*, 549 U.S. 384, 391 (2007).

As such, there is no reason for this Court to reconsider its findings of fact or conclusions of law. There has been no manifest error of fact or law. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 12) is **DENIED**.

Baton Rouge, Louisiana, this 13th day of November, 2022.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**